IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Henry Gonzales, | ) | No. CV 06-2558-PHX-EHC (JI) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Edward Bartos; et al., | ) | |
| Respondents. | ) | |

On October 26, 2006, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 1), as supplemented (Dkt. 5, 16 & 32), regarding his criminal conviction in the Superior Court in and for Maricopa County, Arizona. The matter was referred to Magistrate Judge Jay R. Irwin who issued a Report and Recommendation dated July 16, 2008 recommending that the Petition be dismissed with prejudice as to a portion of Ground 4 and denied as to all other grounds (Dkt. 64). On July 28, 2008, Petitioner filed an Objection (Dkt. 65) to the Report and Recommendation.

On August 14, 2008, Petitioner filed a Motion of Notice of Default on State's Failure to Comply with Procedural Rules (Dkt. 66). Petitioner argues that Respondents failed to respond to his Objection and Respondents should be compelled to answer his Objection or he should be released with time served. Respondents have filed a Response (Dkt. 67) noting that the Court has not ordered a response and that Fed.R.Civ.P. 72(b)(2) permits but does not

require a party to respond to another party's objection. The Court will deny Petitioner's Motion of Notice of Default on State's Failure to Comply with Procedural Rules (Dkt. 66).

On October 24, 2008, Petitioner filed a Motion for Status (Dkt. 68). Petitioner's Motion for Status (Dkt. 68) will be denied as moot.

## Standard of Review

The district court reviews de novo the portions of the Magistrate Judge's Report and Recommendation to which there is a filed objection. 28 U.S.C. § 636(b)(1)(C)("a judge of the court shall make a de novo determination of those portions of the report, ..., to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). The district court is not required to review any issue that is not the subject of an objection. Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v. Arn, 474 U.S. 140, 149 (1985).

## Discussion

On March 10, 1999, Petitioner was charged with two counts of child molestation. He pleaded guilty to two counts of attempted child molestation pursuant to a plea agreement. Sentence was suspended and Petitioner was placed on lifetime probation on both counts and ordered to serve 12 months jail time as a condition of probation on one of the counts.

A petition to revoke probation was submitted in July and September 2004. Petitioner appeared with counsel at a violation hearing in October 2004 and the court found that Petitioner had violated the conditions of probation by failing to report. On November 5, 2004, Petitioner was sentenced to a mitigated term of eight years on count one and reinstated on lifetime probation on count two.

In his Petition for Writ of Habeas Corpus, Petitioner raised four grounds for relief: (1) his Sixth Amendment right to confront the witnesses against him was violated when his probation officer did not testify at the revocation hearing; (2) a violation of his Sixth Amendment rights because Probation Officer Marmont contacted Petitioner without notifying Petitioner's attorney or without getting permission to speak to Petitioner; (3) his

Fifth Amendment Due Process rights were violated when the Probation Department failed to disclose his records; and (4) his Fourteenth Amendment rights were violated by the acts alleged in Grounds 1, 2 and 3.

The Magistrate Judge has recommended dismissal with prejudice as to the allegations in Ground 4 founded upon the denial of rights of confrontation and counsel in violation of due process because the due process claims were not fairly presented to the state courts, are now procedurally defaulted, and Petitioner has failed to show cause to excuse such procedural default. The Magistrate Judge has recommended that Grounds 1-3 and 4, to the extent that a portion of the allegations in Ground 4 is founded upon the facts underlying Ground 3, are without merit and should be denied.

Petitioner's Objection is set forth in five issues of argument.

In Issue One of his Objection, Petitioner argues that his claims are not time-barred, contending that the three requests for post-conviction relief he filed in state court were the same. Within this same part of his Objection, Petitioner argues that he "fairly presented" to the state courts his issues for review.

The circumstances of Petitioner's failure to present to the state courts the right of confrontation and denial of counsel claims as due process claims are discussed in the Report and Recommendation and will not be reiterated here. Petitioner's Objection set forth in Issue One is overruled.

In Issue Two of his Objection, Petitioner argues that the contact by Probation Officer Marmont violated his Sixth Amendment right to counsel because the revocation of probation proceedings had commenced when the contact occurred.

The record shows that following Petitioner's guilty plea, the trial court suspended imposition of sentence and placed Petitioner on probation. A Petition to Revoke Probation was later submitted, and Petitioner was apprehended and then arraigned on September 16, 2004. From that time he was represented by counsel. On September 25, 2004, nine days after arraignment and appointment of counsel, Probation Officer Marmont interviewed Petitioner

allegedly without notifying Petitioner's attorney or obtaining permission to speak with Petitioner. A combined probation revocation and sentencing hearing followed. Petitioner was represented by counsel during the combined hearing. Probation Officer Marmont testified at the violation hearing.

The Magistrate Judge has recommended the following findings on this issue. Petitioner had a Sixth Amendment right to counsel in the combined revocation and sentencing proceedings. Probation Officer Marmont's interview of Petitioner after Petitioner's arraignment and appointment of counsel violated Petitioner's right to counsel. Claims of denial of counsel are subject to the harmless error analysis where the denial is limited to a discrete portion of the proceeding. Respondents argued that the prosecution did not rely upon or offer any statements Petitioner made when he was interviewed by Officer Marmont. Petitioner did not respond to Respondents' argument. Nothing in the record suggests that any information Officer Marmont obtained from Petitioner was used against Petitioner.

Petitioner argues in Issue Two of his Objection that Officer Marmont, "in false pretense, acted as the Petitioner's probation officer at the Durango-Maricopa County Jail on November 2004 simply to identify the Petitioner and to try to obtain any relevant testimony to be used against the Petitioner at the witness violation hearing" (Dkt. 65 - Objection at p. 4). However, Petitioner has not identified any statement he made to Officer Marmont during the interview that was used during the violation hearing. The Court will overrule Issue Two of Petitioner's Objection.

In Issue Three of his Objection, Petitioner argues a claim of ineffective assistance of counsel based on three grounds, that is, counsel's alleged failure to properly exhaust claims in state court; a conflict of interest existed because defense counsel was from the same public defender's office as appellate counsel; and, post-conviction counsel allegedly failed to raise issues Petitioner asked counsel to raise.

- 4 -

1    In the Report and Recommendation, Petitioner's claim of ineffective assistance of
2 counsel is discussed as arguing cause for the procedural default.  It is  recommended that
3 Petitioner did not assert such a claim of ineffective assistance of counsel in state court and
4 the claim cannot be asserted now. Petitioner's Objection in Issue Three appears to concern
5 this recommended finding.

6    The record shows that appointed appellate counsel filed an <u>Anders</u> brief.  Appellate
7 counsel noted in the brief that Petitioner (appellant) had requested counsel to raise certain
8 issues. These issues were then listed in the brief and included that defense counsel was
9 ineffective because he failed to present evidence that the defendant (Petitioner) was on
10 Interstate Compact in California for five years (Dkt. 30 - Answer - Exhibit  F at p. 5).
11 Petitioner pro se filed a supplemental appellate brief in which he argued that appellate
12 counsel had a conflict of interest because Petitioner's probation violation attorney was also
13 a public defender and failed to furnish all necessary copies of requested records, files and
14 accounts (Dkt. 30 - Answer - Exhibit G at first page of argument).

15    Petitioner, represented by counsel,  withdrew his first Notice of Post-Conviction
16 Relief upon noting in the withdrawal that this first notice had been filed while his appeal was
17 pending (Dkt. 30 - Answer - Exhibit J [Motion to Dismiss Petition filed April 20, 2005]).

18    With respect to Petitioner's second Notice of Post-Conviction Relief, appointed
19 counsel filed a Notice of Completion of Post Conviction Review asserting an inability to find
20 an issue for review (Dkt. 30 - Answer - Exhibit O).  Petitioner filed his own Supplement to
21 Petition which did not include as issues ineffective assistance of counsel or conflict of
22 interest (Dkt. 30 - Answer - Exhibit Q). Petitioner did not raise issues relevant to ineffective
23 assistance of counsel or conflict of interest in the third Notice of Post-Conviction Relief
24 which he also filed on his own behalf (Dkt. 30 - Answer - Exhibit Y).

25    Against this background, Petitioner's argument in Issue Three is conclusory and states
26 no ground of error regarding the Magistrate Judge's Report and Recommendation.  The
27 record shows that in the state courts Petitioner requested that counsel raise certain issues and

- 5 -

that Petitioner raised certain issues in supplemental briefing he filed on his own behalf. Petitioner's Objection in Issue Three will be overruled.

In Issue Four of his Objection, Petitioner argues that Probation Officer Marmont testified at the violation hearing based on hearsay and that Marmont's testimony that Petitioner did not have an agreement with Probation Officer Dora Gomez concerning the interstate compact agreement was unreliable hearsay (Dkt. 65 - Objection at pp. 8-9). Petitioner argues that his assigned probation officer, Dora Gomez, was not called as a witness, thereby denying Petitioner his right of confrontation. Petitioner cites Crawford v. Washington, 541 U.S. 36 (2004), in support of his argument. Petitioner also argues that exculpatory evidence in the form of communication logs was withheld from the defense regarding the revocation proceedings and hearing.

The Magistrate Judge has recommended that Petitioner had no Sixth Amendment right of confrontation in his probation revocation proceedings, the protections of the Confrontation Clause do not extend to sentencing (reliable hearsay generally is admissible), and the probation records were subject to a hearsay exception.

With respect to Petitioner's Objection in Issue Four, the argument that Crawford extends the Sixth Amendment right to confrontation to revocation proceedings has been rejected. See United States v. Hall, 419 F.3d 980, 985-986 (9th Cir. 2005); State of Arizona v. Carr, 167 P.3d 131, 134 (Ariz. App. 2007)(the Sixth Amendment right to confrontation and the U.S. Supreme Court's decision in Crawford do not apply to probation violation hearings).

During Petitioner's violation hearing, Probation Officer Marmont testified that he was employed as a probation officer with the Maricopa County Probation Department and assigned to a specialized sex offender caseload. Officer Marmont had been assigned to do a follow-up on the report on the petition filed relevant to Petitioner (Dkt. 30 - Answer - Exhibit E at p. 2). Officer Marmont testified that probation records showed that Petitioner's directives with respect to his applying, or being given permission to try to apply, for

1 Interstate Compact required Petitioner to report the first of each month in writing to the
2 probation officer at a specific address provided to Petitioner. Petitioner had signed the
3 document that included this directive and this particular term had been provided to Petitioner
4 on August 15, 2003. Officer Marmont testified based on records in the file that Petitioner had
5 not reported in writing or verbally since October 2003 (id., at pp. 4-5, 20). Marmont testified
6 that Probation Officer Dora Gomez filed the original petition to revoke and he had filed the
7 supplement (id., at p. 13 [see Dkt. 5 at pp. 31-35]).

8       Petitioner confirmed at the violation hearing that he had received paperwork notifying
9 him of the requirement to correspond with the Maricopa County Adult Probation Department
10 at the beginning of each month. Petitioner testified that he had corresponded in writing by
11 mail with Probation Officer Gomez 24 or 26 times (Dkt. 30 - Answer - Exhibit E at pp. 25,
12 34).

13       The trial court found by a preponderance of the evidence that Petitioner had failed to
14 report by mail since October 2003 as directed, in violation of term 3 of his probation (Dkt.
15 30 - Answer - Exhibit E at p. 38).

16       The record shows that Probation Officer Marmont had been assigned to Petitioner's
17 case. Officer Marmont testified from records maintained by the Probation Office which were
18 ruled admissible. Officer Marmont answered yes when asked if there was information in the
19 file that showed that Petitioner was either applying or being given permission to try to apply
20 for interstate compact (Dkt. 30 - Answer - Exhibit E at p. 4). The state's counsel noted that
21 Petitioner had been given the privilege of Interstate Compact (Dkt. 30 - Answer - Exhibit E
22 at p. 36).

23       Rule 27.8(b)(3) of the Arizona Rules of Criminal Procedure provides that during a
24 probation violation hearing, "[t]he court may receive any reliable evidence not legally
25 privileged, including hearsay." Petitioner has not shown that Officer Marmont's testimony
26 was not reliable.

27
28
- 7 -

1 Petitioner has offered nothing to show that he attempted to obtain Probation Officer
2 Gomez's testimony at the hearing but was denied. Petitioner has not provided a proffer of the
3 inquiry he wished to make had Gomez been called as a witness.

4 During the hearing, Officer Marmont testified regarding a computerized contact log
5 showing telephone conversations with probationers that had not been provided to Petitioner's
6 counsel prior to the hearing.  However, this log was provided to Petitioner's counsel during
7 the violation hearing. A portion of the log showed that Probation Officer Dora Gomez had
8 left a telephone message with Petitioner on March 24, 2004 ["Left Defendant message
9 requesting he call me as soon as possible"].  This log was admitted into evidence by
10 Petitioner's counsel (Dkt. 30 - Answer - Exhibit E at pp. 15-19).  It was not offered by the
11 state as evidence against Petitioner. Petitioner has not shown that the contact log was
12 exculpatory or how the failure to provide the contact log prejudiced his defense at the
13 hearing.

14 The Court has considered Petitioner's argument in Issue Four. Petitioner has not
15 shown error in the Report and Recommendation and Issue Four of his Objection will be
16 overruled.

17 Petitioner argues in Issue Five of his Objection that the State of Arizona illegally
18 revoked his probation in violation of his rights to Due Process under the Fifth and Fourteenth
19 Amendments. Petitioner specifically argues that Probation Officer Dora Gomez should have
20 been present at the violation hearing because she was Petitioner's accuser.  Petitioner also
21 argues that he was entitled to notice of the charges, a prompt preliminary hearing, and an
22 opportunity to appear in court and present evidence and question witnesses.

23 Petitioner has not established in his discussion in Issue Five that he presented the
24 denial of right of confrontation claim as a violation of due process claim.  Petitioner has not
25 shown how he was prejudiced because Gomez was not called as a witness at the violation
26 hearing.  With respect to the other alleged grounds in Issue Five, Petitioner has not asserted

27
28

a denial of any of the rights he discusses. Petitioner's Objection as argued in Issue Five will be overruled.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Dkt. 65) is overruled.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 64) is adopted in full as supplemented by this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion of Notice of Default on State's Failure to Comply with Procedural Rules (Dkt. 66) is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Status (Dkt. 68) is denied as moot.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 1) is dismissed with prejudice and denied.

DATED this 26th day of March, 2009.

Earl H. Carroll
United States District Judge